IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

HOLLY VILLARREAL, individually       §
and on behalf of others similarly situated,   §
                                     §
                                     §
v.                                   §         A-12-CA-243-SS
                                     §
SOURCE REFRIGERATION & HVAC,         §
INC.,                                §

## ORDER

Before the Court is a discovery dispute arising during depositions taking place in El Paso, Texas the above-entitled cause of action.  On June 11, 2013, the parties called the district judge's office and related that the depositions were stalled because of a dispute over whom could be present at the depositions. Judge Sparks referred the dispute to the undersigned for resolution. The Court held a hearing on June 11, 2013, and enters the following Order.

This is a Fair Labor Standards Act collective action.  On April 26, 2013, Judge Sparks entered an order granting Source Refrigeration and HVAC, Inc. ("Source") leave to take the depositions of two opt-in plaintiffs in each of several cities, to be taken in one day per city, and lasting no more than five hours per day. Dkt. No. 40.  As related in the hearing, the parties scheduled for June 11, 2013, the depositions of one or more opt-in plaintiffs, as well as an employee of Source (Roy Schimel).  The plaintiffs' depositions were scheduled to go first, and Sources' counsel desired to have Schimel attend these depositions.  Plaintiffs contend that the plan to have Schimel attend the depositions was not included in the notices of deposition.  Plaintiffs also argue that because Schimel is a fact witness, and has signed a declaration supporting Source's motion for summary judgment, under the "Rule" of witnesses he should be excluded from the two opt-in plaintiffs' depositions.  In

response, Source argues that Schimel is the most senior Source employee in El Paso, and that he was

to be present at the depositions as Source's representative.

Federal Rule of Civil Procedure 30(c) is entitled "Examination and Cross-Examination;

Record of the Examination; Objections; Written Questions" and states:

> (1) Examination and Cross-Examination. The examination and cross-examination of
> a deponent proceed as they would at trial under the Federal Rules of Evidence, except
> Rules 103 and 615.

FED. R. CIV. P. 30(c)(1).  Federal Rule of Evidence 615 provides that witnesses may be "excluded

so that they cannot hear other witnesses' testimony." FED. R. EVID. 615.  Because Rule 30 expressly

states that Rule 615 does not govern deposition proceedings, Mr. Schimel may not be excluded

pursuant to the "Rule".

With regard to notice of the intent to have Mr. Schimel present at the deposition, Local Rule

CV-30(a) requires that:

> The notice for a deposition shall be in the form prescribed in Rule 30, Fed.R.Civ.P.,
> and in addition shall state the identity of persons who will attend *other than* the
> witness, *parties,* spouses of parties, counsel, employees of counsel, and the officer
> taking the deposition.  If any party intends to have other persons attend, that party
> must give reasonable notice to all parties of the identity of such other persons.

Local Rule CV-30(a), Local Rules for the Western District of Texas.  As a current employee of

Source, and its most senior employee in El Paso, Mr. Schimel is a proper representative of Source

for the El Paso depositions, and he is therefore "the party" for these purposes.  Accordingly, Source

was not required to give notice of its intention to have him in attendance when noticing the El Paso

depositions.

For these reasons, IT IS ORDERED that Plaintiffs' objection to Schimel's attendance at the

depositions scheduled for June 11, 2013 is OVERRULED.

SIGNED this 14th day of June, 2013.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE